PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN VALLE ALDARONDO, Defendant and Appellant.

No. 5128.  Argued November 8, 1933.—Decided January 12, 1934.

*García Méndez & García Méndez* for appellant.  *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juan Valle, a congenital deaf mute, and Juana Arce lived together for several years as man and wife in a house belonging to Juana's parents, who also lived in it. The two *cuerdas* of land on which the house stood were bounded on three sides by land owned by the father of Valle. The house was quite near the boundary line. One could step into it from the Valle property without setting foot directly upon any part of the two *cuerdas*.

When a rival, Manuel Vega, appeared on the scene, Juana transferred her affections to him and went to live with him in Aguadilla. Juan, who was working on his father's farm went to his father's house. His two children remained with

their maternal grandparents and Juan went to see them frequently, if not daily, taking with him money or provisions. One evening while Juan and Juana were both in the house Manuel came for Juana and Juan killed him. He was acquitted of the homicide on a plea of self defense. He was then prosecuted for carrying a pistol, convicted of that offense and sentenced to six months in jail, which is the maximum penalty.

In the case at bar Valle, theoretically at least, was not being retried for the killing of Vega. The fact that Valle killed Vega, with a firearm, apparently a revolver, was admissible only to show that Valle was carrying a revolver at the time. It was the only evidence of his guilt. If he is to be given the benefit of his previous acquittal, his use of the weapon was not illegal and was not even an aggravating circumstance. The only question in the case was as to whether he was entitled to the protection of subdivision 5, of section 5, of an Act to prohibit the carrying of arms, as amended in 1924 (Session Laws, p. 114), which says that the provisions of the act shall not be applicable to the carrying of arms within one's dwelling or estate.

The theory of the prosecution is that when Valle went to his father's house, he abandoned what, up to that time, had been unquestionably his dwelling as well as his castle. In the absence of anything to show that his removal was anything more than a temporary arrangement pending further developments, we find no satisfactory basis for this theory of abandonment. The house in which a man has lived with his family for several years should be deemed his dwelling within the meaning of the law here in question until a more or less definite intention to change his place of abode has been established. There was no satisfactory evidence of such an intention in the instant case.

The judgment appealed from must be reversed.